May it please the Court, William Adams for Proofpoint and Cloudmark, I'd like to reserve two minutes for rebuttal. The District Court erred in denying plaintiffs a jury trial on their request for exemplary damages under the Defend Trade Secrets Act. The District Court kept that issue for itself and, sitting as the finder of fact, opted to award zero exemplary damages. That was wrong. The Seventh Amendment, in light of historical and common law practice, requires a jury trial on DTSA exemplary damages, and the DTSA itself is sufficiently expansive to permit a jury trial. I'd like to start with the constitutional issue. The Seventh Amendment... Well, let's also, when you cover that, as I think that there's a connection between the Federal Patent Act between the USTA and the DTSA. So as exemplary damages are left for judicial termination under the Federal Patent Act, which served as a model for the Uniform Trade Secrets Act, which in turn served as a model for the DTSA, why shouldn't exemplary damages under the DTSA be left to the judge to decide? Thank you, Your Honor. We think they're distinct issues, and nothing you do here with respect to the DTSA will have any implication with respect to the Patent Act. It's a different statute with different language that expressly distinguishes between the judge and the jury, and it has a different remedy, enhanced damages, not exemplary damages, that has a different history. The Supreme Court in HALO, which would explain now that presently enhanced damages have a strong punitive component. But at the — but earlier iterations of the Patent Act, there was a strong compensatory component. HALO explains this history after Section 285 of the Patent Act was adopted in the 1950s that essentially eliminated the compensatory element and made 284 more punitive. And so there's a different history that a court would need to look for to determine whether the enhanced damages are equitable or illegal and what the nature is. But we have to — well, we have to interpret the word court in the statute. Correct. We think that you do have to interpret the word court. And they didn't say jury trial there. They did not. And we all take — I think everyone takes — it's safe to say we all take the Seventh Amendment quite seriously. So — You're right, Your Honor. But there's — and just to be clear, no matter what, you need to reach the Seventh Amendment issue here. You can need to — you have to address the statute and the statutory — and the statute. I understand that. And we think that the DTSA is written broadly enough to include a jury trial right where it's required under the Seventh Amendment. It — Counsel, I have a question about the — Do you concede under the statutory language that doesn't entitle you to a jury trial? No, we do not concede. We don't think you need to invalidate the DTSA at all to reverse here. The word court in Section 1836b3 is sufficiently broad to include jury where a jury where required by the Seventh — where required by the Seventh Amendment.  I stepped on both of my colleagues here, so I'm —   Yeah. Go ahead. I wanted to ask you about the — about that, because the jury found zero in actual losses. And the award of about $13.5 million was for unjust enrichment only. And so regardless of what should be the case when the jury awards actual damages, whether punitive damages or exemplary damages, would go to a jury in that instance, why would the jury be entitled under the Second Amendment to look at exemplary damages for an equitable remedy? Your Honor, the issue — the jury trial right attaches to exemplary damages, which are legal compensatory relief. That seems to be different from what Motorola said, at least. Respectfully, I don't think so, Your Honor. Here's what happened in Motorola. The judge in Motorola initially upheld a jury verdict on exemplary damages. That's at $495,000. That's right, counsel, but there were both kinds of damages in that case. There was unjust enrichment, but there also were legal actual loss damages in that case. And the ultimate result was that the judge excised the exemplary damages that related to unjust enrichment, because that was a question for the court, and allowed to stand the exemplary damages that related to the legal remedies. And so why isn't that the right answer? I disagree with what the district court did in Motorola. So the district court first upheld the jury verdict on exemplary damages, and then the judge later reduced the advisory disgorgement award. And it reduced that — Why isn't it advisory? So I guess that's my question to you. Unjust enrichment is an equitable remedy, and ordinarily the Seventh Amendment doesn't — that right does not attach to equity as distinct from legal damages. And so I guess I'm trying to figure out why that isn't the answer here, where the jury basically said we're granting an equitable remedy. So the jury did award unjust enrichment damages. They waived any argument — And you concede those are equitable, correct? It's an equitable remedy, unjust enrichment damages. The adjustment enrichment damages here were awarded — were an equitable remedy as to which they waived any argument that there was no jury trial, right? The jury verdict here was not advisory. They waived any argument that it was. I understand that. I understand that. But regardless of whether they waived an argument that they have that the jury shouldn't have been allowed to do it at all, that doesn't translate necessarily into the idea that because they waived it as to the damages, then the Seventh Amendment suddenly applies. That's a separate question. Your Honor — But I don't understand why it applies to an equitable remedy. It's not an equitable remedy, Your Honor. The Seventh Amendment applies to exemplary damages, which are a legal remedy. And I'm not aware of any decision which has held that either punitive damages or exemplary damages that are used interchangeably in the case law was — became equitable because the compensatory damages award was only unjust enrichment. I just want to be very clear in Motorola. The district court did not treat the exemplary damages as a verdict — as advisory. It reduced them as a matter of law because they exceeded the statutory cap once it reduced the disgorgement award. So it did — there was no Seventh Amendment issue addressed by the district court in Motorola or by the Seventh Circuit in Motorola. And, in fact, there was no argument made in Motorola that the exemplary damages were an equitable remedy. But how have you been prejudiced? If you got zero actual damages and we said, OK, the district court needs to conduct a jury trial and the jury can determine to give you multiples of zero, but zero times a thousand is still zero. So where are you prejudiced here? It's not zero, Your Honor. It's $13.5 million in unjust enrichment damages. Those are the compensatory damages. And as a matter of statute, the exemplary damages are available up to two times the amount of compensatory damages, whether they're awarded as actual damages or whether they're awarded as unjust enrichment. So the statutory cap here is $27 million, 13.5 times two. And that — that is the prejudice. And we think a reasonable jury, faced with this determination of willful and malicious infringement on a wide scale for which there was no remorse, could reasonably conclude that — that Vade was — had to pay punitive damages of up to $27 million. And so there's no — and so there's no harmless error with respect to that issue. And also, just to be — just to be clear, my friends on the other side didn't — didn't press that as a reason. And I'm not aware of any circumstance in which what has otherwise been held and treated as a legal remedy, punitive damages for the last two centuries are converted to an equitable remedy or otherwise not available because the underlying compensatory damages. But if you can see punitive damages are a legal remedy, then how does an equitable remedy create a legal remedy? Under — the Supreme Court has held that you are looking at the — you look at the — the punitive — it's a punitive and legal damages that are based upon factors such as reprehensibility, duration of the misconduct, consciousness of guilt, need to deter. These are all fact-specific determinations that are well within the core competency of a jury. A jury is well-suited to convey its moral disapproval of the conduct by the defendant regardless of whether that conduct ultimately resulted in actual loss or was just an infringer's profits. Well, they did say something, and I know this sort of goes to the adverse — the instruction that you claim was not given and that was error. But is it — how did — is the — Mr. Lamour or Lamour? What's his name? Lamour? Le-Marie. Le-Marie. Okay. Mr. — they made a finding as to Mr. Le-Marie, correct? And what was that finding? The jury found that his misappropriation was not willful and malicious. Okay. So you lost on spoliation on that, correct? Respectfully, those are separate questions, Your Honor. The willfulness and maliciousness finding was with respect to the ultimate — the initial misappropriation. Spoliation is the litigation conduct. The district court declined to give an adverse interest instruction with respect to — So does the finding that they made on Mr. Le-Marie, does that tell us anything about what this jury would have done about exemplary damages? It does not, Your Honor, because the exemplary damages here are — would be against Vade, and you — and the conduct that Vade is — was found to engage in and was alleged to have engaged in extended beyond Mr. Le-Marie. The jury very well may have concluded that he did not act maliciously. His conduct was intentional and willful, but was not with an intent to harm my client. What was your argument for compensatory damages that got zero? It was a price erosion theory, purely a price erosion theory. Judge Gerry Berg, I'm sorry. Are you aware of any Ninth Circuit case or Supreme Court case that holds that an award of unjust enrichment gives rise to a legal remedy of exemplary or punitive damages? I'm not, Your Honor. I'm also not aware of any case distinguishing between treating the legal nature of exemplary damages as dependent upon the underlying relief. And I would direct — in Motorola, there is a discussion. And Motorola obviously does not address this issue. It says we don't need to decide this very complicated issue of due process as to whether you could award punitive damages based upon an unjust enrichment verdict because there was sort of an alternative finding of actual loss here. I respectfully suggest that even though the district — even though the jury found $0 in price erosion, that we — that doesn't mean there was no harm to our client. B&W v. Gore looks — you know, considers as part of the due process analysis the harm to the plaintiff. And certainly there's harm here to Proofpoint because it invades or directs competitors in the marketplace for the same customers. And so its unjust enrichment, its profits, could necessarily be taking away profits — could be assumed to be taking away profits from Proofpoint. And in fact, you know, given the jury's verdict of willful and malicious misconduct, it found that Vade acted intentionally with intent to harm Proofpoint. So I don't think on this record that the court could conclude that the error is harmless here based upon some sort of absence of actual harm to the plaintiff. So how much time did you say you wanted to save for rebuttal? I just saved two minutes. Okay. Let me find out first if my colleagues have any questions right now. No, thank you. Okay. So we'll give you two minutes on rebuttal.  Thank you. Good morning. Good morning, Your Honors. May it please the Court, Jeff Homrig for Vade. Because my friend appears to have conceded a statutory challenge, I would like to start with a Seventh Amendment question. The position they lay out in this case would upend 200 years of patent practice in which judges have determined enhanced damages. You concede it was an error for the district court not to do the constitutional analysis? This was raised in such a — I would say no, Your Honor. Why? Because it was raised in such a tangential, short way in the context of multiple discussions with the district court that, frankly, most of the discussion at the district court level focused simply on the statute and what it required. So while they did, I think, technically enough to preserve the issue, this is not an issue that they pressed with the district court in any meaningful way. And so the district court focused on the arguments that they did press, which was the statutory question. So you didn't appeal this. That's correct. If we affirm the district court, you're on the hook for a lot of money anyway, right? We are, and the client has already paid, right? So when this judgment came out, Vade promptly paid it, and it took its medicine and thinks the district court came out in the correct way. Well, if they do have a right under the Seventh Amendment, hypothetically, I know you're not conceding that point, would there be any way to make a harmless error analysis that a jury didn't happen here? I think there is, Your Honor, and that's because the evidence against Vade on willfulness was so thin. So most of the presentation of evidence was about Mr. Lemarié and his conduct, alleged spoliation, his copying of code from one to the next. Their argument was that he did it alone in his garage and nobody knew. And so almost all of the evidence focused on his conduct related to a particular spear phishing module. What the jury found was that that was not willful, and it doesn't suddenly become willful when it rolls up under respondeat superior to Vade. And so the evidence they put in against Vade, as the district court pointed out in its decision, was very, very thin. That seems to me to be a very hard argument if there is a right to a jury trial on exemplary damages. And so I'd like your comments on when exemplary or punitive damages are protected or is jury fodder under the Seventh Amendment and when, if ever, they are not. In this context, Your Honor, in the context of trade secret cases, there is no right to a jury trial. Well, let's say I disagree with you on the interpretation of the statute because under this statute, a jury does decide compensatory damages, whereas that's different than the patent situation in which compensatory damages are for the judge. So if they had awarded the 13 1⁄2 as actual damages here, and I know they didn't, but why wouldn't they have had a right to try the exemplary damages question before a jury? So, Your Honor, in the patent context, juries do decide compensatory damages, but judges decide enhanced damages. And so it's exactly the same here under the statute. So when we look at the statute, the work being done to determine who decides the particular remedy is not done by the word court. It's done by the remedy itself. So we know from the statute that a court decides an injunction. That's subsection A. We know that a judge decides an injunction. That's subsection A. Subsection B refers to actual damages and unjust enrichment. We know that actual damages should be decided by the jury. But there's no new subject, right? The statute says a court may grant an injunction, award damages for actual loss, award damages for any unjust enrichment. That's correct, Your Honor. So it isn't always the judge. It's ambiguous, right? Because court defines injunction, which we would all agree a judge does. But awarding actual loss damages, that's what a jury does. Unjust enrichment or, I guess, unjust enrichment, I guess that would be an equitable remedy. But the actual loss damages, that's what a jury does, correct? Actual loss damages is done by a jury. We submit, Your Honor, it's not, if you read the statute, the whole section in context, we submit that it is unambiguous. Well, let's say we disagree with you. It's very interesting to me that you and your friend on the other side are taking these extreme positions. All forms of exemplary damages are for the jury. No form of exemplary damages are for the jury. And it seems to me that the right answer may lie in the middle, and I don't really understand why it wouldn't. So that if there is actual loss and legal remedy, the Seventh Amendment would be preserved because it's essentially a suit at law. But for equitable remedies, it wouldn't apply. And I don't understand why that construct isn't correct. And neither one of you seems to agree with it, but I don't really know why. Well, Your Honor, let me start with your question about that you asked my friend and that you posed here on exemplary damages flowing from an unjust enrichment award. So we submit there is nothing, and they pointed to no example of a court in equity calling in a jury to award punitive damages, which is what they would have. But you can get punitive or exemplary damages based on unjust enrichment, correct? Under the statute, yes. You don't dispute that? No. And so if they hypothetically had just sought unjust enrichment and exemplary damages, your argument would be that would be a straight? Judge issue. Court trial. Correct. Judge court trial. That's correct, Your Honor. But because they sought actual damages and injunctive relief, you do not dispute the fact that that put it in jury trial land? I do not dispute that the liability and the compensatory damages, the actual damages, had to be tried to the jury. But because of the lineage of this language for exemplary damages, which comes from the UTSA, as Your Honor pointed out, and that comes as the comments to the UTSA show, that comes from patent law. They cite to 35 U.S.C. Section 284. And that's important because juries have never, never decided enhanced damages in patent cases, not before the Constitution, not after the  So if what is your explanation, and I asked it of your friend on the other side, why the jury came back with zero compensatory but significant unjust enrichment? What does that mean in the overall scheme if, well, if hypothetically we decided that the statute was ambiguous and maybe they should have gotten a jury trial, could that be subject to harmless error as opposed to if it's the Seventh Amendment jury trial right, harmless error becomes more difficult? So How do we look at all of that? What happened here? So here's what happened, is they had different theories of recovery. One theory of recovery, as my friend said, had to do with price erosion for a particular sale that Proofpoint was trying to make. And that was their only actual damages claim. The jury rejected that and gave them zero. What they then did is said for all of Vade's sales, they tried to claim, or they did claim, a portion of those sales saying that those arose out of the misappropriation, and that was the unjust enrichment theory. And it was on that basis that the jury awarded $13.5 million. And so there were just completely different factual issues presented to the jury on the different forms of recovery. Okay. And so at the end of the day, what we would say is whether we look at it from an unjust enrichment award, which is equitable, as they concede, that doesn't require a jury trial. And, in fact, because of its lineage back to the patent statute and the long practice of judges deciding exemplary damages in that context, and the fact that juries have never decided that issue in the patent context, we submit that under the DTSA, juries don't have to. There is no Seventh Amendment right to a jury trial on exemplary damages, regardless of whether it comes from an actual damages claim or an unjust enrichment claim. You concede that the DTSA exemplary damages are punitive damages? They are punitive in purpose, yes. Why do we have to look at the Patent Act? Why don't we just look at the history that punitive damages are legal remedies? We have to look at the Patent Act because simply focusing on the fact that they're intended to be punitive doesn't really answer the question. But punitive damages precede the Patent Act. That's why I don't understand why you're saying just look the Patent Act at punitive damages that long preceded the Patent Act. The Supreme Court tells us to look at the remedy for the cause of action, and it's true that punitive damages and some forms of causes of action were decided by juries before the Constitution. But the fact is the lineage of the exemplary damages provision in the DTSA is different. It doesn't trace back to those cases and those causes of action. It traces back to the Patent Act. And in the patent context, juries have never decided this issue. And that's if we look at the Markman case where it walks through sort of the analysis of the issue being decided. It looks at the issue, was the issue decided in this cause of action by juries. And so if we follow that analysis, what we see is it just has a different origin. But clearly the Patent Act didn't create punitive damages, right? The Patent Act, actually, the Patent Act of 1793 did, right? So what it did was You're saying there were no punitive damages before 1793? Actually, before 1793, there were some punitive damages back in Britain that were fixed by statute. And so just like the 1793 Act, what happened is there was a compensatory component that was decided by a jury. The 1793 Act, I'm having a hard time believing you that that was the creation of punitive damages and that it didn't precede the Patent Act. That just seems a little bit far-fetched to me, to be honest. But that's not what I'm saying, Your Honor. What I'm saying is in that context, right? So there were punitive damages evolving in other causes of action, right, that came for fraud, for example. So those were evolving. But if we look back to the analogous law here, which is what the Supreme Court tells us to do, there were not punitive damages that were decided by juries in a patent context. And so what happened was there were punitive damages, essentially. They were a penalty fixed by statute. And in the 1793 Act, Congress fixed that penalty at two times compensatory damages. So the compensatory damages were decided by the jury, and the punitive portion was fixed by Congress. And so then Congress later, shortly thereafter, decided to make that discretionary. And when it did, it gave the power for the discretion of the penalty portion to judges. And that's the way it's been ever since. So, Your Honors, I'd be happy to answer any questions. Do either of my colleagues have any questions? No, I don't have any questions. So we don't have additional questions. So you have a minute and a half to wrap up, or you can say adieu, au revoir. Goodbye. I'll wrap up briefly. Your Honors, we submit that the district court in this case did a thorough analysis of all the decisions that are challenged here. We see no reason and no justification for overturning those. And on this question, whether we look at exemplary damages, regardless of whether they arise from legal or equitable remedies, or just focus on the issues in this case, exemplary damages arising from an equitable remedy, as the historical analysis shows, there's no basis to think that the Seventh Amendment requires a jury trial in this case. So with that, Your Honor, we submit the matter. Thank you for your argument. Thank you. All right. The appellant has two minutes. Thank you, Your Honor. I'd like to go back to the issue of whether exemplary damages are legal when the underlying compensatory damages award is equitable. And I want to direct the Court, we just submitted a 28-J letter on it, to the Supreme Court's recent decision in Jarchese. And Jarchese says that monetary relief is legal where it is designed to punish and deter, not just compensate or restore the status quo. And the exemplary damages provided by the DTSA are designed to punish and deter regardless of whether the underlying compensatory damages award is equitable or legal. And therefore, under Jarchese, this is legal relief to which a jury trial right attaches. Jarchese builds on countless decisions from the Supreme Court, including Curtis, Pacific Marine, all cited in our brief. And I respectfully refer the Court to those decisions. Also, as to Judge Koh's questions about looking to the Patent Act, we don't think you need to look at any sort of analogy here because the exemplary damages existed at the founding. But the Patent Act is a particularly poor analogy because, as Judge Koh and your question suggested, enhanced damages didn't exist at the founding. So why replace something that existed at the founding with something that came later? You should look to exemplary damages. And those exemplary damages were awarded by juries not just generally. We know it was generally. I, again, would direct the Court to the Pacific Marine case from the Supreme Court. But exemplary damages were awarded by juries in comparable circumstances like intentional torts, including conversion cases like the Wilkes case we cite in the reply brief at 12. So at common law, there was a well-established recognition at the founding that exemplary damages and punitive damages were legal remedies that were for the jury. And under the Seventh Amendment, there should be a jury trial right for the exemplary damages at issue here. Thank you very much. Thank you both for your argument in this matter. This case will now stand submitted. As promised, we'll take a short recess. We'll be back in 10 minutes, and then we'll proceed on the final two matters.
judges: GRABER, CALLAHAN, KOH